## R. H. FERGUSON *et als. v.* VANCE & KIRBY *et als.*

1. LIEN ON BOATS. *Suit to enforce is a suit at law.* A suit to enforce a lien on a steamboat, under the Code, sec. 3550 *et seq.*, is a suit at law, and in the absence of a bill of exceptions, the findings of the court on the facts is conclusive.

2. SAME. *Replevy bond. Amount to be recovered.* Where in such a suit by one claimant the steamboat is attached, and at once replevied by a bond payable to that claimant, in the penalty of double the amount of his claim, conditioned to abide by and perform the judgment of the court if rendered in favor of that claimant to enforce his debt upon the boat, the obligors are only bound, to the extent of the penalty, for the judgment in favor of that claimant for debt and costs, and the boat is released.

3. SAME. *Code sec. 3558 construed. Practice.* The prohibition of the Code sec. 3558, that after a warrant and seizure of the boat at the suit of one creditor, no other creditor shall have a warrant to attach the boat, applies only while the steamboat is in the custody of the law under the first attachment; and if the boat be released by replevy, any creditor may, either in that or another suit, sue out a warrant of seizure.

4. SAME. *Amount of bond. To whose benefit it enures.* The boat cannot be replevied except by giving a bond in the penalty of double the amount of the claimants then in the suit, and such a bond would enure to the benefit of such claimants equally.

5. SAME. *Practice and pleading.* The remedy for non-compliance with any of the requisites to the making of a claimant a party is by motion to take the papers off the file, not by demurrer to the declaration.

**8. SAME.** *Wages. Recovery of judgment no waiver of lien.* A claim for wages as an engineer or hand, being for work and labor done, is good on demurrer, and a recovery of judgment on a claim is no waiver of of the statute lien.

**9. SAME.** *Practice and pleadings.* If the account made an exhibit to the petition of a claimant against a boat give the dates of the items, showing that they were within the three months, a motion to dismiss the petition because it fails to state the fact will not lie. Nor is a petition multifarious because, while proceeding against the owners of the boat upon a debt contracted by them, it mentions an account against a previous owner.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. J. B. HOYLE, J.

LEWIS SHEPHERD for Ferguson.

WHEELER & MARSHALL for Kirby & Vance.

'COOPER, J., delivered the opinion of the court.

By the Code, sec. 1991, bringing forward the act of 1833, ch. 35, it is provided, "Any debt contracted by the master, owner, agent or consignee of any steam boat within this State, on account of any work done, or materials or articles furnished for or toward the building, repairing, fitting, furnishing or equipping such boat, or for wages due to the hands of the same, shall be a lien upon such boat, her tackle and furniture, to continue for three months from the time said' work is finished, or said materials or articles furnished, or said wages fall due, and until the termination of any suit that may be brought for said debt." The mode of enforcing the lien by petition and attachment is prescribed by the Code, secs. 3550–3562 inclusive.

The original act was construed by this court in *Hill* v. *Mills,* 9 Hum., 629, and *Greenlaw* v. *Potter,* 5 Sneed, 390, and as embodied in the Code, in *Emory Iron and Coal Co* v. *Wood,* 6 Heis., 198, and *Waggoner* v. *St. John,* 10 Heis., 503.

On the 1st of July, 1876, the defendants in error, Vance and Kirby, under the provisions of the Code, commenced the proceedings in this cause, claiming to be creditors for materials furnished to repair, run and equip the steamboat Ida, the items composing the debt being set out in an account made an exhibit to their petition, and the plaintiffs in error, B. H. Ferguson, Joseph Smith and T. M. Rowden being described as the masters, owners and agents of said steamboat during the time of the contracting of the debt. The amount of the account was declared to be justly due, together with a further sum mentioned, evidenced by another exhibit, contracted by the owner, master and agent of the steamboat while owned, run and controlled by Capt. C. C. Spiller. A warrant was thereupon issued returnable to the next circuit court, directing the sheriff to attach the steamer Ida, her furniture and tackle, "alleged to be the property of B. H. Ferguson, Joseph Smith and T. M. Rowden," and to summon said owners to appear at said court. Following the language of the Code, sec. 3554, the sheriff was directed to attach the boat, furniture and tackle, or so much thereof as may be necessary, and safely keep the same until security is given, or further order of the court. By sec. 3555 the sheriff is required, after seizing the property, to retain possession of it

Ferguson *v.* Vance & Kirby.

until the termination of the suit, unless bond and security be given in a penalty of double the amount of the debt claimed, payable to the plaintiff, conditioned to abide by and perform the judgment of the court, if rendered in favor of the plaintiff. The sheriff levied on the steamboat as directed on the same day, and summoned Ferguson and Smith, two of the alleged owners, to appear at the next term of the circuit court, commencing on the first Monday of September. During that term Vance and Kirby filed their declaration against the owners of the steamboat, and a number of other claimants of a similar lien were allowed, on motion, to become parties plaintiff, and filed declarations. Ferguson, Smith and Rowden appeared and moved to dismiss the original and other petitions, which motion was overruled. They then filed demurrers to the declarations of the various claimants, which were also overruled. They then pleaded to the declarations, and the suits were tried on the 9th of March, 1878, by the judge, without a jury, who rendered judgments in favor of Vance & Kirby, and of several other of the claimants, for the amount of the items of their respective accounts within three months prior to the 1st of July, 1876. The court found as a fact that on the very day on which the attachment was levied the defendants Ferguson, Smith and Rowden had replevied the steamer by entering into bond, with C. W. Coker as surety, in the penal sum of $306.22, double the amount of the claim of Vance & Kirby, which bond was made payable to Vance & Kirby, and was conditioned that they, the

said Ferguson, Smith and Rowden should abide by and perform the judgment of the court, if rendered in favor of the said Vance & Kirby against said Ferguson, Smith and Rowden as owners, to enforce the collection of a debt of $153 as a lien against the steamer Ida, under secs. 3550–3562 of the Code inclusive. And he gave judgment against the obligors for the full penalty of the bond, and directed the proceeds, after the payment of costs, to be paid pro rata among all the parties whose claims had been adjudged. The court further found that the steamer Ida was not in the custody of the court. From this judgment Ferguson, Smith and Rowden prayed and obtained an appeal to this court. And it is agreed that the case be heard as upon a writ of error by Vance & Kirby, and C. W. Coker, the surety on the replevy bond.

It has been held by this court that the proceeding under the statute is *in personam*, not *in rem*, against the owners of the steamboat, who are brought in by service of process on them or their property. *Waggoner* v. *St. John*, 10 Heis., 503, 518. In this view the action is strictly one at law, and has been so treated in the form of procedure pursued. No bill of exceptions has been filed, and consequently the judgment of the court is conclusive in its findings of fact. Conceding the facts to be as set out in the judgment, it is clear that his Honor erred in charging the obligors in the replevy bond with the full penalty of the bond. That penalty was in double the amount of the claim of Vance & Kirby, the only claim then brought against the principal obligors or the steamboat,

and was conditioned to abide by and perform the judgment of the court if rendered in favor of Vance & Kirby to enforce a specific debt as a lien upon the steamboat. Upon no principle can the obligors of a bond be held bound beyond its terms, unless, indeed, the law positively fixes the liability without respect to the language used. *Deaton* v. *Mulvaney*, 1 Lea, 73. There is no such provision of law in this case, the bond being authorized by the Code, sec. 3555, and following the language therein prescribed. Nor is there any ground for holding the subsequent claimants entitled to its benefit. They were not then in court, and it was neither intended to apply, nor does it in terms apply, to any other claimants than Vance & Kirby.

His Honor seems to have been influenced in coming to his conclusion on this branch of the case by the argument, which has been also made in this court, that under the Code, sec. 3558, after a warrant and seizure of the boat at the suit of one creditor, no other creditor shall have or obtain a warrant to attach or seize the boat, but must make himself a party by motion before trial as prescribed by sec. 3557. And inasmuch as the provisions of the Code manifestly contemplate equality of rights among the successful claimants, it seems to follow that the claimants must share equally in any recovery. But the prohibition of the Code, sec. 3558, was intended to prevent an unnecessary accumulation of costs, and the clashing which might ensue from the suing out of several warrants in the hands of different officers, and

returnable, it might be, to different tribunals. It applies only when and while the steamboat is in the custody of the law under the original attachment. If the boat is released by replevy under sec. 3555, there can be no doubt that another creditor might at once sue out another warrant of attachment, either in the original suit or independently. For the defendants having obtained a release of their property in the mode prescribed by law, the object of the law in requiring the parties to come into the same suit in order to save costs, is done away with by the act of the owners of the boat, and the new suit, if a new suit be brought, becomes the nucleus for other claimants. It is true the claimant might sue out a warrant to constitute a part of the first suit, if he elects so to do, the advantage of such a course being that the claimant may have the benefit of the stoppage of the running of the limitation of three months worked by the commencement of the first suit. *Emory Iron and Coal Co.* v. *Wood,* 6 Heis., 201. But assuredly the owners who have replevied their boat, and thereby deprived other claimants of the security of the original seizure, cannot complain if the creditor sue out an independent attachment. The property is no longer in *custodia legis,* but again open to seizure. And although a second seizure pending the first might be void if made with full knowledge, it probably would not be if made in ignorance of the prior seizure, and would certainly be good if the defendants replevy by a bond limited to the debt of the first attaching creditor. The equality among the creditors, provided by

sec. 3562, is expressly in the proceeds of the sale of the boat, but the other provisions fairly imply that the penalty of the replevy bond shall cover the entire debt claimed at the time, and, of course, all the then claimants would be equally entitled to its benefits.

The proceeding being *in personam*, the owners of the boat who are personally liable for the debt are the proper defendants, and the judgment was correctly rendered against them. Whether the circuit judge was also right in holding that, having brought such owners before the court, the creditors were entitled to enforce their statutory lien, although such owners held under a contract of purchase by which the legal title was retained in their vendor, becomes immaterial. The original seizure and replevy gave the claimants a right to come in and assert their claims, and the boat being no longer under the control of the court, the question of the power to sell it is of no importance.

It is argued on behalf of the plaintiffs in error, in support of their motion to dismiss the petition of Vance & Kirby, that the petition fails to state that the articles of account were furnished within three months. But the account is made an exhibit, and shows the date of each item, and that some of them are within the time. This is sufficient. *Emory Iron and Coal Co.* v. *Wood*, 6 Heis., 199. Nor is the objection of multifariousness to this petition well taken. The account against the previous owner of the boat is mentioned, but the proceeding is against Ferguson, Smith and Rowden, and they alone are ordered by the warrant to be summoned.

It is also argued in support of the demurrers to the several declarations, that the declaration contains no averment that the claimant had put himself into a position to have the benefit of Vance & Kirby's petition. But the statute · authorizes the claimant to make himself a party plaintiff by motion. Code, sec. 3557. It is not required that the fact should be stated in the declaration. The remedy for non-compliance with any of the requisites necessary to make a creditor a party, was by motion to take the papers from the file, not by demurrer to the declaration.

One of the claimants states his claim to be for wages as an engineer, or hand on the steamboat, being for work and labor done. *Prima facie*, the averment is for wages due him as a hand or laborer, and good upon demurrer. Whether he might not, by plea, have been shown to be of a class of engineers not falling within the meaning of the statute, it were useless to consider. And clearly the recovery of a judgment on a claim is no waiver of any lien given by contract or law for its security. No point is made in the pleadings, or, so far as appears, on the trial, to the jurisdiction of the court on account of the amount of Vance & Kirby's claim within the three months.

The judgment on the replevy bond will be reversed, and a judgment rendered here against the parties thereto in favor of Vance & Kirby for the costs of the court below, and Vance & Kirby's debt as ascertained by the judgment. The direction for a pro

rata division of the recovery on the bond will be reversed and annulled. In other respects the judgment will be affirmed with costs.